# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| HENRY MASCARENHAS, | § |
| *Petitioner*, | § |
| v. | § CIVIL ACTION H-18-2388 |
| JEFFERSON SESSIONS, III, *et al.*, | § |
| *Respondents*. | § |

## ORDER

Pending before the court is respondents Jefferson Sessions, III, Kristjen Nielsen, Jerry Turner, and Robert Lacy, Jr.'s ("Respondents") motion to dismiss. Dkt. 7. Petitioner Henry Mascarenhas has not responded. Having considered the motion, the record, and the applicable law, the court is of the opinion that Respondents' motion should be GRANTED and that Mascarenhas's case be DISMISSED WITHOUT PREJUDICE.

Mascarenhas is a citizen of India. Dkt. 2 at 4. He entered the United States in 2012 with a valid C1/D visa. *Id.* Mascarenhas overstayed his visa, and in June 2018 the Department of Homeland Security (DHS) took custody of Mascarenhas pending Mascarenhas's removal proceeding. *Id.* at 5. On July 12, 2018, Mascarenhas filed a petition for writ of habeas corpus. Dkt. 2. Mascarenhas claims that his detention is illegal because he has been illegally placed in summary removal proceedings. *Id.* at 5. Mascarenhas requests a full removal hearing before an immigration court. *Id.*

On August 28, 2018, Respondents filed a motion to dismiss. Dkt. 7. The court held a hearing on Mascarenhas's petition and Respondents' motion on August 30, 2018. Mascarenhas's response to the motion to dismiss was due on September 19, 2018, but Mascarenhas has not responded.

Here, Respondents move to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. Dkt. 7. Respondents argue that both 8 U.S.C. § 1252 and Mascarenhas's failure to exhaust his administrative remedies deprive this court of jurisdiction. Dkt. 7 at 4–16. Additionally, Respondents argue that Mascarenhas has failed to state a viable constitutional claim. *Id.* at 16.

The court agrees that, at the very least, Fifth Circuit case law requires a habeas petitioner to exhaust all administrative remedies before filing a habeas petition. *See, e.g.*, *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Here, Mascarenhas has not exhausted his administrative remedies. During the August 30 hearing, Mascarenhas acknowledged that he had not yet requested release on parole while his removal proceeding was pending. Fifth Circuit precedent does not expressly require this specific step. However, it would violate the spirit of the Fifth Circuit's exhaustion rule to grant a habeas petition when the petitioner has failed to take other, more immediate, steps to request release. "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985). Mascarehas has not demonstrated that an exception to the exhaustion requirement should be made here. Respondents' motion is therefore GRANTED and Mascarenhas's petition is DISMISSED WITHOUT PREJUDICE.

Signed at Houston, Texas on October 8, 2018.

                                                _____
                                                        Gray H. Miller
                                                  United States District Judge